UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHAO XIA "RENEE" ZHANG, | ) | |
| KIRKPATRICK and M&E INT'L, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 13 cv 2023 |
| v. | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| LAYER SAVER LLC, an Illinois limited, | ) | |
| liability company, CHARLES G. | ) | |
| KIOLBASA, JR., STEVE PIERSON and | ) | |
| SELDEN FOX, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**Order**

For the reasons provided, plaintiff's Motion to Add Additional Count VII Against The Pierson Defendants [47] is denied.

**Statement**

This is a case about an investment gone bad. Plaintiff, Renee Zhang-Kirkpatrick has filed suit against Layer Saver LLC, Charles Kiolbasa, Jr., Steve Pierson, and Selden Fox, Ltd., alleging six counts of securities fraud, common law fraud, breach of contract, and requesting injunctive relief. Discovery closed in June and at that time defendants filed a motion for summary judgment on two of the fraud counts. Briefing is set to close next week. Plaintiffs have also filed a motion for summary judgment on two counts, which is being briefed. Now, however, plaintiffs are requesting to amend their complaint to add an additional count for negligent misrepresentation. We deny plaintiffs' motion [47].

At the heart of this lawsuit is Ms. Zhang-Kirkpatrick's claim that her friend of many years, defendant Pierson, solicited her to give money for purposes of an investment to defendant Layer Saver, and then did not get paid back on her investment. Plaintiff blames defendant Pierson for fraudulently telling her that this would be a good investment opportunity. Pierson

1

knows Layer Saver and its manager, Kiolbasa, because his accounting firm – Selden Fox – did work for them in 2011. When Pierson learned that Layer Saver was in need of financing, he apparently contacted plaintiff to see if she would be interested in investing in this new business. Ultimately, plaintiff agreed to a bridge loan of $150,000 for six months, signing a written promissory note. Pierson asserts that he merely pointed plaintiff to the opportunity (rather than making any misrepresentations), and claims she did not conduct any of her own due diligence.

Plaintiffs argue that amending their complaint at this stage would not prejudice defendants because defendants' motion for summary judgment on the fraud counts includes "arguments that apply to a negligent misrepresentation claim." And while plaintiffs admit that a claim for negligent misrepresentation alleges a different mental state for defendants from that of fraud, they also claim the discovery conducted is "essentially the same" for these new allegations, and there is no undue delay because plaintiffs learned of this information only four months ago at Kiolbasa's deposition (explaining that plaintiffs' counsel's out of town trip in between then and now resulted in some additional delay).

But plaintiffs fail to show how information learned only at Kiolbasa's deposition gives rise to a claim for negligent misrepresentation, yet plaintiffs were able to allege fraud counts when they filed their original complaint (because, as plaintiffs concede, they are nearly the same claims).[1] Defendants also argue that adding the count now would indeed cause delays because defendants would need to respond to this new theory of liability. While discovery would be narrowly tailored to investigating the duty owed and state of mind of Pierson and Kiolbasa, defendants would nonetheless need to re-depose these witnesses. Defendants also noted in open court that they would likely file an additional motion should such a count be added. Allowing

---

[1] *See Quinn v. McGraw-Hill Companies, Inc.,* 168 F.3d 331, 335 (7th Cir. 1999)(comparing negligent and fraudulent misrepresentation, noting their same elements "except that the defendant's mental state is different.").

this amendment at this late date, then, would not only re-open discovery but would also upend the motion practice that is nearing a close.

We are not willing to delay this case and essentially start again at the pleading stage. As defendants point out in their response, this attempt to amend at this late date appears to be plaintiffs' hedge against the potential grant of summary judgment, rather than the result of new information that was uncovered at the end of discovery.[2] Plaintiffs' failure to provide a reasonable explanation for this delay – other than their request for justice[3] – warrants the denial of this motion.[4]

Date: September 26, 2014 /s/ Magistrate Judge Susan E. Cox

---

[2] *See Kleinhans v. Lisle Sav. Profit Sharing Trust,* 810 F.2d 618, 625 (7th Cir. 1987)(noting the apparent attempt to avoid the effect of summary judgment in filing a motion to amend six months after the close of discovery).
[3] Fed.R.Civ.P. 15(a) (stating that leave to amend a complaint "shall be freely given when justice so requires.").
[4] *See, e.g., Bethany Pharmacol Co., Inc. v. QVC, Inc.,* 241 F.3d 854 (7th Cir. 2001)(holding that district court could have denied motion for leave to amend on ground of undue delay because discovery had closed and defendant had filed its motion for summary judgment, and had plaintiff prepared for the litigation "with the appropriate foresight" she would not have waited).